IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN, LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **3:12-CV-00778-N** |
| RYAN & COMPANY, P.C., | § | |
| | § | |
| **Defendant.** | § | |

## ANSWER TO ORIGINAL COMPLAINT

Defendant Ryan & Company, P.C. ("Ryan & Company") files its answer to Plaintiff's original complaint for damages and injunctive relief as follows:

## RESPONSES TO ALLEGATIONS

1.      Ryan & Company is without knowledge or information at this time sufficient to form a belief as to the truth or falsity of, and on that basis denies, the allegations in paragraph 1.

2.      Ryan & Company denies the allegation that it is a Texas corporation and states that it is a Texas professional corporation, and otherwise admits the allegations in paragraph 2.

3.      Ryan & Company admits that this Court has subject matter jurisdiction over Plaintiff's claims as alleged and otherwise denies the allegations in paragraph 3.

4.      Ryan & Company admits that venue is proper in this district and division and that Ryan & Company does business in this judicial district, and otherwise denies the allegations in paragraph 4.

5.      Ryan & Company admits that Plaintiff abandoned its federal registration for the mark "Ryan & Company" on or about August 29, 2009, and otherwise is without knowledge or

information at this time sufficient to form a belief as to the truth or falsity of, and on that basis

denies, the allegations in paragraph 5.

6.      Ryan & Company is without knowledge or information at this time sufficient to

form a belief as to the truth or falsity of, and on that basis denies, the allegations in paragraph 6.

7.      In response to the allegations in paragraph 7, Ryan & Company states that its

owner and president, R. Derek Ryan, has been practicing as an accountant in Dallas since 1985,

formed Ryan & Ryan, PC on June 4, 2001, and practiced accounting in Dallas under that name

for several years, formed Ryan & Ryan, LLP on October 22, 2004, and practiced accounting in

Dallas under that name for several years, formed Ryan & Company on November 11, 2009, and

has practiced accounting in Dallas under that name to the present, that Ryan & Company

provides tax, accounting, and financial services to individuals and small businesses, and

otherwise denies the allegations in said paragraph.

8.      Ryan & Company is without knowledge or information at this time sufficient to

form a belief as to the truth or falsity of, and on that basis denies, the allegations in the first two

sentences of paragraph 8.  Ryan & Company states that it has been publicly using the name Ryan

& Company since late 2009, and otherwise denies the allegations in the third sentence of

paragraph 8.

9.      Ryan & Company admits that its website lists among its services "tax

management services", "litigation support and forensic accounting" and "international taxation",

but otherwise denies the allegations in paragraph 9.

10.     Ryan & Company denies the allegations in paragraph 10.

11.     In response to the allegations in paragraph 11, Ryan & Company repeats and

incorporates by references its responses in paragraphs 1 through 10 above.

12.     Ryan & Company denies the allegations in paragraph 12.

13.     Ryan & Company denies the allegations in paragraph 13.

14.     Ryan & Company denies the allegations in paragraph 14.

15.     Ryan & Company denies the allegations in paragraph 15.

16.     In response to the allegations in the first sentence of paragraph 16, Ryan & Company repeats and incorporates by references its responses in paragraphs 1 through 15 above. Ryan & Company denies the allegations in the second sentence of paragraph 16.

17.     Ryan & Company denies the allegations in paragraph 17.

18.     Paragraph 18 is a request for trial by jury, as to which no admission or denial is required.

19.     Ryan & Company denies each and every allegation in the complaint not hereinabove specifically admitted, specifically denies, or denied on the basis of insufficient knowledge or information.

## AFFIRMATIVE DEFENSES

1.     Plaintiff is not entitled to an injunction because it has failed to show a real and immediate threat of future harm.

2.     Plaintiff fails to state a claim upon which relief can be granted.

3.     Plaintiff has no valid, enforceable or protectable rights or interests in the claimed mark.

4.     Plaintiff's claims are barred by Plaintiff's voluntary abandonment of the claimed mark.

5.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

6.      Plaintiff's claims and requested relief are barred in whole or in part because Ryan & Company's actions were at all times in good faith.

7.      Plaintiff's claims are barred in whole or in part because of Plaintiff's lack of valid ownership over the claimed mark.

8.      Plaintiff's claims are barred in whole or in part because Plaintiff's claimed mark is not inherently distinctive.

9.      Plaintiff's claims are barred in whole or in part because Plaintiff's claimed mark has not acquired secondary meaning.

10.      Plaintiff cannot recover exemplary damages because Plaintiff has failed to plead and cannot prove by clear and convincing evidence the requirements for recovery of such damages under Section 41.003 of the Texas Civil Practice & Remedies Code.

11.      Any claim for exemplary damages is subject to the limitations in Section 41.008 of the Texas Civil Practice & Remedies Code.

12.      Any claim for exemplary damages is barred or limited by the Due Process Clause of the Fifth Amendment to the United States Constitution.

13.      Plaintiff is not entitled to an award of attorneys' fees because Plaintiff has failed to plead and cannot prove the requirements for recovery of attorneys' fees.

14.      Ryan & Company reserves the right to add such other affirmative defenses as may become known to it through the course of discovery and investigation of this matter.

## **RIGHT TO AMEND**

Ryan & Company reserves the right to further amend and/or supplement this answer at a future date as allowed by the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Ryan & Company prays that Plaintiff's complaint be dismissed with prejudice, that Plaintiff takes nothing by virtue of the claims against Ryan & Company, that the Court award Ryan & Company its attorneys' fees and costs, that judgment be entered in Ryan & Company's favor, and that the Court grant Ryan & Company all other relief to which it is entitled both in law and in equity.

Respectfully submitted, this 6th day of April, 2012.

/s/ J. Robert Arnett II
J. Robert Arnett II
barnett@carterstafford.com
Texas Bar No. 01332900
Dyan M. House
dhouse@carterstafford.com
Texas Bar No. 24036923
**CARTER STAFFORD ARNETT**
**HAMADA & MOCKLER, PLLC**
8150 N. Central Expy., Suite 1950
Dallas, Texas 75206
Telephone: (214) 550-8188
Telecopier: (214) 550-8185

**ATTORNEYS FOR DEFENDANT RYAN & COMPANY, P.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all known counsel of record via the Court's CM/ECF filing on April 6, 2012, pursuant to Local Rule CV-5(a)(3).

/s/ J. Robert Arnett II
J. Robert Arnett II

**ANSWER TO ORIGINAL COMPLAINT**                                                      **Page 5**